IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| KEVIN LAWRENCE, <br><br> Plaintiff, <br><br> v. <br><br> MAA PROPERTIES, <br><br> Defendant. | CIVIL ACTION NO.: 4:19-cv-307 |

**O R D E R**

This matter is before the Court on Defendant's Rule 26(f) Report, construed as a Motion to Stay.[1]  Doc. 18.  Defendant requests the Court stay all deadlines, pending a ruling on its motion to dismiss.  Id. at 10; see Doc. 13.  Overall, the Court has broad discretion when deciding whether to issue a stay of discovery.  Rivas v. The Bank of New York Mellon, 676 F. App'x 926, 932 (11th Cir. 2017).  Although the party seeking a stay bears the burden of showing the stay is necessary, the Eleventh Circuit Court of Appeals has reasoned a court should typically rule on a motion to dismiss before discovery begins to avoid unnecessary costs to the parties.  Carapella v. State Farm Fla. Ins. Co., No. 8:18-CV-2396, 2018 WL 7268163, at *1 (M.D. Fla. Nov. 5, 2018); Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367–68 (11th Cir. 1997).  For these reasons, this Court and other courts within the Eleventh Circuit routinely find good cause to stay the discovery period where there is a pending motion to dismiss.  See, e.g., Diaz v. Atkinson County, No. 5:15-cv-16, 2015 WL 4507936 (S.D. Ga. July 24, 2015); Habib v. Bank of Am. Corp., No.

---

[1]  Defendant explains it attempted to contact Plaintiff to prepare a Rule 26(f) Report, but Plaintiff failed to respond or otherwise participate.  Doc. 19.  Additionally, Plaintiff has not responded to Defendant's unilateral Rule 26(f) Report, in which Defendant requests a stay.

1:10-cv-04079, 2011 WL 2580971, at *6 n.4 (N.D. Ga. Mar. 15, 2011) (citing Chudasama, 123 F.3d at 1368 ("[T]here is good cause to stay discovery obligations until the District Judge rules on [the defendant's] motion to dismiss to avoid undue expense to both parties.")); Berry v. Canady, No. 2:09-cv-765, 2011 WL 806230, at *1 (M.D. Fla. Mar. 2, 2011) (quoting Moore v. Potter, 141 F. App'x 803, 807 (11th Cir. 2005) ("[N]either the parties nor the court have any need for discovery before the court rules on the motion [to dismiss].")).

When "deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." SP Frederica, LLC v. Glynn County, No. 2:15-cv-73, 2015 WL 5242830, at *2 (S.D. Ga. Sept. 8, 2015) (quoting Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997)).  The Court should also determine whether the parties "have any need for discovery before the court rules on the [dispositive] motion." Chudasama, 123 F.3d at 1367.  In addition, "a court must take a preliminary peek at a dispositive motion to assess the likelihood that the motion will be granted." Sams v. Ga. W. Gate, LLC, No. CV415-282, 2016 WL 3339764, at *6 (S.D. Ga. June 10, 2016).  "[A] stay should be granted only where the motion to dismiss appears, upon preliminary review, to be clearly meritorious and truly case dispositive." Id.

Defendant has met its burden in showing a stay is appropriate in this case.  A "preliminary peek" at Defendant's motion to dismiss reveals the motion would dispose of the entire case. Sams, 2016 WL 3339764 at *6; Doc 10.  Thus, entering a stay in this case could avoid needless discovery.  Accordingly, the Court **GRANTS** Defendant's construed Motion to Stay.  Doc. 18.  This stay will be automatically lifted upon the issuance of a Court Order ruling on the motion to dismiss, if any claims remain pending.  The Court **DIRECTS** the parties to

confer within 14 days of a ruling on the motions to dismiss and, if the case remains pending, must file a Rule 26(f) Report 7 days after their conference.

**SO ORDERED**, this 26th day of July, 2022.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA