IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

KEVIN LAWRENCE,

    Plaintiff,

v.

MAA PROPERTIES,

    Defendant.

CIVIL ACTION NO.: 4:19-cv-307

**O R D E R**

On January 30, 2023, the Court issued an Order directing Plaintiff, who is proceeding *pro se*, to file a response either opposing or indicating his lack of opposition to Defendant's Motion to Dismiss within fourteen days and warning Plaintiff that if he failed to file a timely response, the Court would dismiss the entire action. (Doc. 26.) The Court directed the Clerk of Court to mail not only a copy of the Order to Plaintiff, but also a copy of Defendant's Motion to Dismiss and a copy of Federal Rules of Civil Procedure 12 and 41. (Id.) On the same day that the Order was issued, the Clerk mailed a copy of the Order, the Motion to Dismiss, and the specified Rules to Plaintiff at the address he had provided to the Court, via the United States Postal Service. Nine days later, the Clerk received the Order, Motion and copies of the Rules back, in the original envelope, which was unopened. (Doc. 27.) Despite the fact that Plaintiff's name and address were clearly printed on a cover page and displayed through a small "window" on the envelope, the envelope containing the documents bore a sticker containing the phrases "Return to Sender" and "Illegible" and "Unable to Forward."[1] (Id. at p. 1.) Accordingly, Plaintiff did not receive the

---

[1] According to the Clerk, from time to time, mail is returned to the Clerk's office marked "undeliverable" and additionally marked "illegible" even though the address information is clearly displayed on the

Court's previous Order and therefore was (assumedly) never apprised of the fourteen-day deadline imposed therein.

In fairness to Plaintiff and in an abundance of caution, the Court attempts again to provide Plaintiff with a final opportunity to provide a response to the Motion to Dismiss.  The Court thus **ORDERS** Plaintiff to file a response either opposing or indicating his lack of opposition to Defendant's Motion to Dismiss within **TEN (10) DAYS** of the date of this Order.  **If Plaintiff fails to file a timely response, the Court will dismiss this entire action.**  See Local R. 7.5 ("Failure to respond . . . shall indicate that there is no opposition to a motion."); see also Fed. R. Civ. P. 41(b) (allowing for the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order); Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, sua sponte . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court.").  The Court once again **DIRECTS** the Clerk of Court to mail to Plaintiff, at his address of record, a copy of the Motion to Dismiss and Memorandum in Support, (doc. 13), a copy of this Order, and a copy of Federal Rules of Civil Procedure 12 and 41.

**SO ORDERED**, this 9th day of March, 2023.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

envelope, leading the Clerk's office to suspect that the mail is actually being returned for some different reason, such as the recipient no longer residing at the listed address without having provided a forwarding address.