IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| KEVIN LAWRENCE, | |
| Plaintiff, | CIVIL ACTION NO.: 4:19-cv-307 |
| v. | |
| MAA PROPERTIES, | |
| Defendant. | |

**O R D E R**

This matter comes before the Court upon Plaintiff's failure to comply with the Court's Orders of June 21, 2022, (doc. 16), January 30, 2023, (doc. 26), and March 9, 2023, (doc. 28), and his failure to prosecute this action. For the following reasons, the Court **DISMISSES** Plaintiff's claims **without prejudice** for failure to follow the Court's directives and failure to prosecute.

BACKGROUND

On November 14, 2019, Plaintiff, proceeding *pro se*, filed his Complaint initiating this action before this Court. (Doc. 1.) Plaintiff was granted *in forma pauperis* status, (doc. 6), and, after he filed an Amended Complaint, (doc. 9), service on the Defendant was accomplished, (doc. 12). On March 4, 2022, Defendant filed a Motion to Dismiss the Amended Complaint. (Doc. 13.) On June 21, 2022, the Court ordered Plaintiff to file a response, within twenty-one days, either opposing the Motion to Dismiss or indicating his lack of opposition. (Doc. 16.) The Court alerted Plaintiff that, should he fail to respond to the Motion to Dismiss, the Court would presume he does not oppose the Motion. (Id. at pp. 1–2.) In addition, the Court provided Plaintiff with a copy of

Federal Rules of Civil Procedure 12, 15, and 41 to ensure that he had full notice of the requirements of the Rules regarding motions to dismiss. (Id. at p. 2.) Plaintiff did not file a response as ordered, though he did make some filings with the Court. (See doc. 20 (motion to appoint counsel); doc. 23 (response to Magistrate Judge's show cause Order regarding failure to comply with Fed. R. Civ. P. 26 requirements, stating only that Plaintiff "would like to move forward with [his] case"); doc. 24 (motion to appoint counsel).) Noting that Plaintiff had still never responded to the Motion to Dismiss (despite having been ordered to do so), but had made some filings with the Court, the Court issued an Order again giving Plaintiff a final opportunity—within a stated deadline—to provide a response to the Motion to Dismiss either opposing or indicating his lack of opposition thereto. (See docs. 26, 29.)[1] The Court again had the Clerk of Court include copies of Rules 12 and 41 when it mailed the Order to Plaintiff.

The Court's most recent deadline for Plaintiff to file a response has passed, and Plaintiff has entirely failed to respond to Defendant's Motion to Dismiss. In fact, Plaintiff has not made any filings of any kind in this case since the Court's last two Orders. His last filing in this case was docketed in early August 2022.

## DISCUSSION

The Court must now determine how to address Plaintiff's failure to comply with this Court's Order, his failure to respond to Defendant's Motion to Dismiss, and his failure to diligently pursue his claims. For the reasons set forth below, the Court **DISMISSES** Plaintiff's claims.

---

[1] The Court initially issued this "final" directive in a January 30, 2023, Order. (Doc. 26.) The United States Postal Service, however, failed to deliver that Order and instead returned it to the Clerk of Court, with the envelope marked "undeliverable." (See doc. 27.) In an abundance of caution, the Court re-issued its final directive that Plaintiff file a response and provided him with a new deadline for doing so. (Doc. 28.)

A district court may dismiss a plaintiff's claims for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and the court's inherent authority to manage its docket. Link v. Wabash R.R. Co., 370 U.S. 626 (1962);[2] Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)).  In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order.  Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, sua sponte . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court.") (emphasis omitted).  Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true that dismissal *with* prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d

---

[2] In Wabash, the Court held that a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so." 370 U.S. at 633. Nonetheless, in the case at hand, the Court advised Plaintiff that his failure to respond to the Motion to Dismiss would result in dismissal of this action.

3

1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366).  By contrast, dismissal *without* prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner.  Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted.  See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute Section 1983 complaint where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Taylor, 251 F. App'x at 620–21 (upholding dismissal without prejudice for failure to prosecute, because plaintiffs insisted on going forward with deficient amended complaint rather than complying, or seeking an extension of time to comply, with court's order to file second amended complaint); Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute Section 1983 claims, where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal).

Despite having been repeatedly advised of his obligation to respond to Defendant's Motion to Dismiss and the consequences for failing to respond, Plaintiff has not filed any opposition to Defendant's Motion.  Additionally, with Plaintiff not having taken any action on this case for approximately eight months, he has failed to diligently prosecute his claims.

**CONCLUSION**

For the above-stated reasons, the Court **DISMISSES** this action, without prejudice, and **DIRECTS** the Clerk of Court to **TERMINATE as moot** all pending motions, to **ENTER** the appropriate judgment of dismissal, and to **CLOSE** this case.[3]

**SO ORDERED**, this 23rd day of March, 2023.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[3] While the Court dismisses this action without prejudice, even if the practical effect of the dismissal is to prevent Plaintiff from prosecuting these claims, dismissal is still warranted. Plaintiff has exhibited a clear record of delay and contempt and no sanction other than dismissal will suffice to address his failure to follow the Court's orders and his failure to prosecute.